**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| STARSHA M. SEWELL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PWG-16-159 |
| STRAYER UNIVERSITY, *et al.*, | * | |
| Defendants. | * | |
| | *** | |

**MEMORANDUM OPINION**

Plaintiff Starsha M. Sewell's former employer Strayer University ("Strayer") reduced her salary and terminated her employment in 2008, and she filed an unsuccessful lawsuit against it in 2012. Compl., ECF No. 1; *Sewell v. Strayer University* ("2012 Action"), No. DKC-12-2927 (filed D. Md. Oct. 10, 2012), *appealed*, No. 14-2123 (filed 4th Cir. Oct. 17, 2014), *cert. denied*, No. 14-10114 (2015). When Strayer then rejected her applications for employment in 2014, Sewell, a former adjunct faculty member and associate campus dean at Strayer, filed this employment discrimination suit against Defendants Robert Silberman and Karl McDonnell (the "Individual Defendants") and Strayer (collectively, "Defendants") on January 14, 2016. Compl. 1. Sewell claims race-based employment discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.* (Count 1); retaliation, also in violation of Title VII (Count 2); retaliation in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 – 2654 (Count 3); and "Wrongful Termination from Online Adjunct Professor Position and the Associate Dean position, due to the Plaintiff's race and because she engaged in formal and informal protected activity," which appears to be another retaliation claim (Count 4). Compl. 1. Buried within the body of the Complaint, Sewell alleges

as "Count 5" what appears to be another Title VII discrimination and retaliation claim based on the reduction in her salary. *Id.* at 4. She also states that she brings this action pursuant to 42 U.S.C. § 1981. *Id.* at 7.

Defendants have moved to dismiss most claims against Strayer under the doctrine of *res judicata*, ECF No. 13, arguing that, "with the exception of Plaintiff's purported Title VII retaliation claim related to Strayer's decision to not hire Plaintiff for two positions in 2014, Plaintiff previously litigated these exact claims against Strayer through resolution by the United States Court of Appeals for the Fourth Circuit" in the 2012 Action. Defs.' Mem. 2–3, ECF No. 13-1.[1] And, they contend that Sewell's failure-to-hire claims from 2014 are "nothing more than the 'unadorned, the defendant-unlawfully harmed me accusation,' which is non-compliant with the requisite pleading standards." *Id.* at 3. According to Defendant, "the complaint makes no allegations about Defendants Silberman or McDonnell," and therefore the claims against them should be dismissed. *Id.* Additionally, Defendants seek sanctions in the form of attorneys' fees and a pre-filing injunction "against Plaintiff for her continued vexatious litigation and harassment of Defendants." *Id.*

*Res judicata* and collateral estoppel[2] bar the claims against Strayer based on events before 2014, and Sewell fails to state a claim against Strayer based on events in 2014. Moreover,

---

[1] The parties fully briefed the motion. ECF No. 13-1, 18, 20; *see* ECF No. 19 (Order construing ECF No. 18 as an Opposition). A hearing is not necessary. *See* Loc. R. 105.6. In Sewell's Opposition, she argued at length that the Court is prejudiced against her. She has filed numerous unsubstantiated and frivolous allegations against members of this Court and elsewhere of this nature. The allegations in her Opposition, too, are without merit and will not be addressed.

[2] Defendants raise only *res judicata*, but to "avoid[] . . . unnecessary judicial waste," the Court may consider collateral estoppel *sua sponte*, and dismiss on that ground, if it "is on notice that it has previously decided the issue presented." *Arizona v. California*, 530 U.S. 392, 412 (quoting *United States v. Sioux Nation,* 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting) (citations

amendment of her later claims would be futile.  Therefore, I will dismiss her claims against Strayer with prejudice.  And, because she concedes that "Sewell is not suing Robert Silberman or Karl McDonnel[l]. . . . Sewell is suing Strayer University, INC.," Pl.'s Opp'n 3, I will dismiss the claims against the Individual Defendants.  Because Strayer has demonstrated that Sewell is attempting to relitigate previously litigated claims and attempting to file additional claims in a pleading that fails to state a claim and for which amendment would be futile, I find that Strayer has established grounds for a narrowly tailored pre-filing injunction.  I will grant Strayer's request for a pre-filing injunction, deny the Individual Defendants' request for a pre-filing injunction, and deny Defendants' request for attorneys' fees.

## <u>Background</u>[3]

Sewell began working for Strayer in February 2006, and she filed an internal complaint of race-based discrimination against a manager in October 2007.  Compl. 3.  It appears that, from December 2007 through March 2008, she was on pregnancy-related medical leave.  *Id.* at 4, 6. Upon returning to work in March 2008, she was given a "discriminatory financial demotion" in which Strayer took away her adjunct part-time professor salary of $18,000 that she had received in addition to her $60,000 salary as a dean.  *Id.* at 4.  She alleges that her "financial demotion" was "because of her race, color, and gender" and in retaliation for her discrimination complaint. *Id.*  As best I can discern, she also views her "demotion" as retaliation for her exercise of her FMLA rights.  *Id.*

---

omitted)), *supplemented*, 531 U.S. 1 (2000); *see also Alston v. Equifax Info. Servs., LLC*, No. TDC-15-3343, 2016 WL 5349716, at *3 (D. Md. Sept. 22, 2016) (noting that "courts may raise the issue of collateral estoppel *sua sponte*").

[3] When considering Defendants' Motion to Dismiss, I accept the facts alleged in Plaintiff's complaint as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011).

On March 30, 2008, shortly after having returned to work, Sewell "was granted additional FMLA medical leave pursuant to the Pregnancy Discrimination Act (PDA) [42 U.S.C. § 2000e(k)] that she remained on until she delivered her child on June 19, 2008." *Id.* Sewell claims that, three days after she returned from maternity leave on August 18, 2008, Strayer terminated her employment, in violation of the FMLA. *Id.*

Sewell filed suit against Strayer in 2012, based on these events. Compl., ECF No. 1 in 2012 Action. She claimed race, color, and gender discrimination and retaliation in violation of Title VII, as well as race discrimination and retaliation under § 1981. *Id.* She did not allege violations of the FMLA. She also filed a motion for recusal, asking Judge Chasanow to recuse herself from the case because "Sewell ha[d] been prejudiced by Chief Judge Chasanow, in another litigation."[4] ECF No. 23. Judge Chasanow denied the motion. ECF No. 26.

Strayer moved to dismiss, and Judge Chasanow granted the motion, dismissing Sewell's discrimination claims under Title VII for lack of subject matter jurisdiction because Sewell failed to exhaust her administrative remedies and dismissing her § 1981 claims as untimely. July 9, 2013 Mem. Op. & Order, ECF Nos. 25 & 26 in 2012 Action. Judge Chasanow noted that even if Sewell had exhausted her administrative remedies, her Title VII claims would have been subject

---

[4] At the time, Sewell had filed four previous suits in this Court. *Sewell v. Dore,* No. AW-12-2889; *Sewell v. Howard,* No. JFM-12-2736; *Sewell v. Prince George's Cnty. Dep't of Social Servs.*, No. DKC -12-2522; *Sewell v. Prince George's Cnty. Dep't of Social Servs.*, No. DKC-12-2402. Since then, she has filed thirteen actions, in addition to this case. *Sewell v. Chasanow*, No. JKB-16-3256; *Sewell v. Wagner*, No. GJH-16-2458; *Sewell v. Commodity Fed. Trading Comm'n*, No. PX-16-2457; *Sewell v. Wash. Metro. Area Transit Auth.*, No. GJH-16-2456; *Sewell v. Fidelity Nat'l Fin., Inc.,* No. DKC-16-906; *Sewell v. Westat,* No. RWT-16-158; *Sewell v. Fidelity Nat'l Fin. Care*, No. PWG-15-3392; *Sewell v. Fidelity National Fin. Care*, No. PWG-15-3077; *Sewell v. Am. Educ. Servs./PHEAA,* No. DKC-15-3076; *Sewell v. John Howard Sr.*, No. PWG-15-1539; *Sewell v. Wash. Metro. Area Transit Auth.*, No. TDC-15-1334; *Howard v. Sewell,* No. DKC-14-2205; *Sewell v. Wash. Metro. Area Transit Auth.,* No. JFM-13-2961. Most of her cases concern the foreclosure on her property or the custody of her children. All of her cases but two of her most recent have been dismissed or remanded to state court.

to dismissal for failure to state a claim because she failed to make factual allegations that stated a plausible claim for intentional discrimination. *Id.* Judge Chasanow granted Sewell leave to amend with regard to her Title VII retaliation claim based on her demotion. *Id.*

Sewell amended, ECF No. 27 in 2012 Action; Strayer moved to strike portions of the amended complaint and to dismiss it, ECF No. 29 in 2012 Action; and Judge Chasanow dismissed the amended complaint with prejudice for failure to state a claim. ECF Nos. 38 & 39 in 2012 Action. Sewell filed two motions for relief from judgment, a motion for reconsideration and another motion for recusal of Judge Chasanow, and the Court denied the motions. ECF Nos. 40–42, 44, 48–52 in 2012 Action.

In her motion for reconsideration, Sewell argued that "[t]he state court perpetrated fraud against Sewell's property and her minor children and discriminated against both on the basis of their race. These issues were overlooked and unaddressed by Judge Chasanow in the opinion issued on April 18, 2014." ECF No. 42 in 2012 Action. Likewise, in her second motion for recusal, she insisted that Judge Chasanow

> is conflict of interest [sic] as has prejudiced the proper administration of Justice in this matter and in another case involving the Plaintiff's minor children, who are both African American Christian males. Not only has this Judge discriminated on the basis of the Plaintiff['s] race, but [she] has done everything in her power to advance the interest of the State of Maryland.

ECF No. 44 in 2012 Action. In her Rule 60(b)(4) motion for relief, Sewell similarly asserted that Judge Chasanow

> is disqualified . . . as she has and continues to utilize the prestige of her position to bully, harass and intimidate the plaintiff and her minor children, because of the[ir] religion and race in violation of 42 USC 1981, and has conspired with various female Judges in violation of 42 USC 1985 ranging from the State of Maryland, Richmond, VA, and St. Louis, MO, most of who have utilized their positions to advance the interest of their judicial family members and friends . . . .

ECF No. 49.  She also contended that "[t]his court also has a history of Title 42, U.S.C., Section 14141 violations in majority of their cases . . . and have specifically treated minorities who file employment litigations Pro Se adversely."  *Id.*  She reiterated the same allegations of prejudice and discrimination by the Court in her second Rule 60(b)(4) motion.  ECF No. 51.  Sewell appealed the denial of her last motion to the Fourth Circuit, ECF No. 53 in 2012 Action, and the Fourth Circuit affirmed "for the reasons stated by the district court."  ECF Nos. 56 & 56-1 in 2012 Action.

In February 2014, Sewell applied for two assistant dean of faculty positions and a campus dean position at Strayer but was not selected, a decision she attributes to Strayer's "ongoing willful violation of FMLA Pregnancy Discrimination Act (PDA) and FMLA Retaliation on the basis of the Plaintiff's race."  Compl. 6.  Plaintiff alleges that "Mr. Silberman has not responded to the Plaintiff's concerns" regarding Strayer's "willful FMLA violation."  *Id.* at 7.

## **Standard of Review**

Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Under this Rule, Sewell's Complaint is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  Rule 12(b)(6)'s purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012) (quoting *Presley v.*

*City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).  If an affirmative defense "clearly appears on the face of the complaint," however, the Court may rule on that defense when considering a motion to dismiss.  *Kalos v. Centennial Sur. Assocs.*, No. CCB-12-1532, 2012 WL 6210117, at *2 (D. Md. Dec. 12, 2012) (quoting *Andrews v. Daw*, 201 F.3d 521, 524 n. 1 (4th Cir. 2000) (citation and quotation marks omitted)).  Two such affirmative defenses are *res judicata*, also known as claim preclusion, and collateral estoppel, also known as issue preclusion.

Plaintiff is proceeding *pro se*, and her Complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, liberal construction does not absolve Plaintiff from pleading plausible claims. *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)).

## Discussion

### *Claims against Individual Defendants*

Sewell mentions Silberman once in her Complaint, alleging that "Mr. Silberman has not responded to the Plaintiff's concerns" about Strayer's "willful FMLA violation." *Id.* at 7.  She does not allege who Silberman is or how he could be liable under the FMLA for Strayer's alleged violation based on his alleged failure to respond to her concerns.  Sewell does not mention McDonnell at all in her Complaint.  These allegations – or failures to make allegations – are insufficient to state a claim because they do not provide the Court with facts from which it could "draw the reasonable inference that [either individual] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Moreover, Sewell concedes in her Opposition that "Sewell is not suing Robert Silberman or Karl McDonnel[l]. . . . Sewell is suing Strayer University, INC." Pl.'s Opp'n 3; *see also id.* at 1 (insisting that the Individual Defendants are "two people who aren't even being sued"); *id.* at 2 (noting that Defense counsel "filed an

**eighteen** (**18**) page motion, defending two white men who are not named as defendants in this action" and that "Karl and Robert, white men **are not** Defendant's [sic] in this action"). Therefore, the Individual Defendants will be dismissed from this case.

*Claims Based on Events before 2014*

*Res judicata* "bars a party from suing on a claim that has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action." *Reid v. New Century Mortg. Corp.*, No. AW-12-2083, 2012 WL 6562887, at *3 (D. Md. Dec. 13, 2012) (quoting *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009)) (citation and internal quotation marks omitted).  When considering this defense, "a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact." *Kalos*, 2012 WL 6210117, at *2 (quoting *Andrews*, 201 F.3d at 524 n.1).  *Res judicata* provides grounds for dismissal if a defendant establishes "(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action."  *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (quoting *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 42 (4th Cir. 1990)). Even if the plaintiff's legal theory differed in the earlier dispute, the doctrine of *res judicata* still bars the current action, provided that "the second suit 'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment.'" *Id.* (quoting *Aliff*, 914 F.2d at 42). Further,

> The preclusive [e]ffect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for "[n]ot only does *res judicata* bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc.*, 892 F.2d 355, 359 (4th

Cir. 1989), quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979) (internal quotation marks omitted).

*Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991).

*1. Same parties*

As noted, Sewell filed suit against Strayer in the 2012 Action. Given that Plaintiff asserts that Strayer is the only Defendant, *see* Pl.'s Opp'n 3, the parties are the same: Sewell and Strayer.

2. *Same cause of action*

In the pending case, Sewell alleges that Strayer discriminated against her based on race, color, and gender, in violation of Title VII, when it "financially demoted" her. Compl. 3–6. She also alleges that, in demoting her and then terminating her, Strayer was retaliating in response to her complaints of discrimination, in violation of Title VII. *Id.* Additionally, she claims that Strayer retaliated against her, in violation of the FMLA, in response to her exercise of her FMLA rights by demoting her, terminating her employment, and failing to rehire her in 2014. *Id.* Finally, she claims that some or all of these acts were in violation of § 1981. *Id.* at 7.

As discussed previously, with the exception of the FMLA claims, Sewell brought the same causes of action in the 2012 Action, where she claimed race, color, and gender discrimination and retaliation in violation of Title VII, as well as race discrimination and retaliation under § 1981. Compl., ECF No. 1 in 2012 Action. Sewell did not assert an FMLA claim in the 2012 Action. But, other than the failure-to-hire claims based on acts in 2014, these FMLA claims were available to Sewell when she filed the 2012 Action. Therefore, *res judicata* bars all of the claims other than those based on the 2014 events, if the Court entered a final

judgment on the merits in the 2012 Action.  *See Ohio Valley Envtl. Coal.*, 556 F.3d at 210; *Meekins*, 946 F.2d at 1057.

### 3.   *Final judgment on the merits*

As discussed, in the 2012 Action, this Court dismissed Sewell's discrimination claims under Title VII for lack of subject matter jurisdiction because Sewell failed to exhaust her administrative remedies, and it dismissed her § 1981 claims as untimely.  July 9, 2013 Mem. Op. & Order, ECF Nos. 25 & 26 in 2012 Action.  As for her Title VII retaliation claim based on her demotion, which the Court granted Sewell leave to amend, the Court dismissed the amended complaint with prejudice for failure to state a claim.  ECF Nos. 38 & 39 in 2012 Action.  Sewell filed various motions for reconsideration and the Court denied them all.  ECF Nos. 40–52 in 2012 Action. Sewell appealed to the Fourth Circuit, ECF No. 53 in 2012 Action, and the Fourth Circuit affirmed "for the reasons stated by the district court."  ECF Nos. 56 & 56-1 in 2012 Action.

Thus, the 2012 Action was litigated to a final judgment on the merits of the Title VII retaliation claims and the § 1981 claims, but not the Title VII discrimination claims.  *See Frank v. Home Depot, U.S.A., Inc.*, 481 F. Supp. 2d 439, 442 (D. Md. 2007) ("'Unless the court in its order for dismissal otherwise specifies,' … 'any dismissal not provided for in [Rule 41], other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.' As Rule 12(b)(6) is a dismissal not provided for in Rule 41(b) and is not for lack of jurisdiction, improper venue, or failure to join a party, the dismissal of *Frank I* under Rule 12(b)(6) for failure to state a claim operates as an adjudication upon the merits." (quoting Fed. R. Civ. P. 41(b))); *Goldsmith v. Mayor & City Council of Baltimore*, 987 F.2d 1064, 1069 (4th Cir. 1993) ("[A] jurisdictional dismissal … is

10

not a judgment on the merits for purposes of res judicata.").   Therefore, *res judicata* bars all of

Sewell's claims against Strayer based on events before 2014, besides her Title VII discrimination

claims.   *See Ohio Valley Envtl. Coal.*, 556 F.3d at 210; *Meekins*, 946 F.2d at 1057.   This does not

mean, however, that this Court must permit relitigation of the issue of subject matter jurisdiction

with regard to Sewell's Title VII claims.

   "The collateral estoppel doctrine works to ensure that parties get 'one full and fair

opportunity to litigate a particular issue, while preventing needless relitigation of that issue.'"

*Barna Conshipping, S.L. v. 2,000 Metric Tons, More or Less, of Abandoned Steel*, 410 F. App'x

716, 720 (4th Cir. 2011) (quoting *In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 536 F.3d

1343, 1350 (Fed. Cir. 2008)).   One issue for which collateral estoppel serves as a bar to

relitigation is whether the court has subject matter jurisdiction.   *See id.* (noting that the First

Circuit stated that "[d]ismissal for lack of subject matter jurisdiction precludes relitigation of the

issues determined in ruling on the jurisdictional question" (quoting *Muniz Cortes v. Intermedics,

Inc.,* 229 F.3d 12, 14 (1st Cir. 2000))).   Indeed, "[d]ismissal of a suit for want of federal subject-

matter jurisdiction . . . ordinarily should preclude relitigation of the same issue of subject-matter

jurisdiction in a second federal suit on the same claim."   *Id.* (quoting 18 Charles Alan Wright,

Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 4402, at 20 (2d ed.

2002).   Collateral estoppel bars relitigation of an issue or fact if

> (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact
> was actually resolved in the prior proceeding; (3) the issue or fact was critical and
> necessary to the judgment in the prior proceeding; (4) the judgment in the prior
> proceeding is final and valid; and (5) the party to be foreclosed by the prior
> resolution of the issue or fact had a full and fair opportunity to litigate the issue or
> fact in the prior proceeding.

*In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004) (emphasis added).

In the 2012 Action, the parties litigated the identical issue of this Court's subject matter jurisdiction over the same Title VII discrimination claims that Sewell raises in this case.  Mot. to Dismiss, Opp'n, & Reply, ECF Nos. 7, 14 & 15 in 2012 Action.  Sewell is the party who would "be foreclosed by the prior resolution of the issue."  *See In re Microsoft Corp. Antitrust Litig.*, 355 F.3d at 326.  By filing an Opposition to Strayer's Motion to Dismiss, ECF No. 14 in 2012 Action, which the Court considered in its analysis, July 9, 2013 Mem. Op., ECF No. 25 in 2012 Action, Sewell "had a full and fair opportunity to litigate the issue" in the 2012 Action. *See In re Microsoft Corp. Antitrust Litig.*, 355 F.3d at 326.  The Court resolved the issue by issuing a Memorandum Opinion and Order dismissing the claims for lack of subject matter jurisdiction. July 9, 2013 Mem. Op. & Order, ECF Nos. 25 & 26 in 2012 Action.  The issue "was critical and necessary to the judgment" in the 2012 Action, as it was the basis for dismissal of those claims. *See id.*; *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d at 326.  Sewell filed various motions for reconsideration of the dismissal order, as well as for relief from judgment on the basis that Judge Chasanow was biased, all of which the Court denied, ECF Nos. 40–42, 48–52 in 2012 Action. When Sewell appealed, the Fourth Circuit affirmed the District Court.  ECF Nos. 53 & 56 in 2012 Action.  Thus, the dismissal order "is final and valid."  *See In re Microsoft Corp. Antitrust Litig.*, 355 F.3d at 326.   Therefore, collateral estoppel bars adjudication of the Title VII discrimination claims.  *See Barna Conshipping*, 410 F. App'x at 720; *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d at 326.

### Claims Based on Events in 2014

As for Sewell's claim that Strayer's failure to rehire Sewell in 2014 was retaliation in violation of the FMLA "on the basis of the Plaintiff's race" and part of Strayer's "ongoing willful violation of FMLA Pregnancy Discrimination Act (PDA)," Compl. 6, claims that could

not have been brought in the 2012 Action, Defendants argue that Sewell's factual allegations are insufficient to state a claim.  Defs.' Mem. 3.

To state an FMLA retaliation claim, Sewell must allege that "(1) she 'engaged in protected activity;' (2) 'an adverse employment action was taken against her;' and (3) 'there was a causal link between the protected activity and the adverse employment action.'"  *Wright v. Southwest Airlines,* 319 F. App'x 232, 233 (4th Cir. 2009) (quoting *Mackey v. Shalala,* 360 F.3d 463, 469 (4th Cir. 2004)); *see Munday v. Waste Mgmt. of N. Am., Inc.,* 126 F.3d 239, 242 (4th Cir. 1997); *Ross v. Comm. Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985); *Bosse v. Baltimore Cty.*, 692 F. Supp. 2d 574, 588 (D. Md. 2010).  Defendants challenge only the third element. Defs.' Mem. 13.

Sewell took FMLA leave from December 2007 through March 2008, at which point she briefly returned to work before she "was granted additional FMLA medical leave pursuant to the Pregnancy Discrimination Act (PDA) that she remained on until she delivered her child on June 19, 2008."  Compl. 4, 6.  Sewell then took maternity leave until August 18, 2008, when she returned to work.  *Id.*  FMLA leave certainly is a protected activity.  *See Townes v. Maryland Dep't of Juvenile Servs.*, No. JKB-15-1093, 2015 WL 5928114, at *5 (D. Md. Oct. 8, 2015) ("FMLA leave is indisputably a 'protected activity.'").  She filed a complaint with the Office of Human Rights and Equity Programs ("OHREP") in August 2009.  Compl. 6 & Ex. 1, ECF No. 1-2.  Sewell later applied for, but Strayer did not hire her for, three positions in February 2014. Compl. 6.  In her application for all three positions, she stated that Strayer previously "granted [her] an FMLA extension," such that the decision-maker reviewing her application would have been aware of her exercise of FMLA rights.  Compl. Ex. 4, ECF No. 1-5.

Sewell's most recent allegedly protected activity, her August 2009 complaint with the OHREP, was still more than four years and five months before Strayer failed to hire her in February 2014.  This is, by far, "too long a period for Plaintiff to establish a causal relationship on temporal proximity alone." *Wilson v. City of Gaithersburg*, 121 F. Supp. 3d 478, 485–86 (D. Md. 2015); *see also Clark Cnty. Sch. Dist. v. Breeden,* 532 U.S. 268, 273 (2001) ("The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close.'") (citation omitted); *Horne v. Reznick Fedder & Silverman,* 154 F. App'x 361, 364 (4th Cir. 2005) (holding that "[t]he district court correctly concluded that Horne failed to produce sufficient evidence of such a causal connection" where "Horne's only evidence of causation is that she was fired two months after she accused Anderson of discrimination," because "a lapse of two months between the protected activity and the adverse action is 'sufficiently long so as to weaken significantly the inference of causation'" (quoting *King v. Rumsfeld,* 328 F.3d 145, 151 n.5 (4th Cir. 2003)); *Westmoreland v. Prince George's County, Md.,* 876 F. Supp. 2d 594, 607–08 (D. Md. 2012) ("Although there is no bright-line rule on the issue of temporal proximity, the Fourth Circuit has held that a lapse of over three months between the protected activity and the alleged retaliation is too long to give rise to an inference of causality.")).

Certainly, Sewell could have alleged causation on facts other than the timeline of events, had such facts existed. *See Lettieri v. Equant Inc.,* 478 F.3d 640, 650 (4th Cir. 2007).  A court "'may look to the intervening period for other evidence of retaliatory animus' which 'may be used to establish causation.'" *Westmoreland,* 876 F.Supp.2d at 607–08 (quoting *Lettieri,* 478

F.3d at 650). But, Plaintiff does not make any such allegations.  Therefore, Sewell has failed to state a claim for FMLA retaliation.  *See Wright*, 319 F. App'x at 233.

<u>Sanctions</u>

Defendants ask the Court to "enter an order prohibiting Plaintiff from filing further claims against Defendants without prior leave of Court."  Defs.' Mem. 3.  Specifically, they seek the following injunctive relief:

> (a) Before filing any lawsuit against Strayer University, Robert Silberman or Karl McDonnell, Ms. Sewell must first submit to the Clerk of Court where Ms. Sewell seeks to file the lawsuit: (i) an application for leave to file suit; (ii) a copy of the accompanying Order; and (iii) a notarized affidavit or declaration stating that the matters raised in the lawsuit have not been raised or decided in any other lawsuit, are brought in good faith, and are not for the purpose of harassment;
>
> (b) The Court where Ms. Sewell seeks to file must grant her leave to file the lawsuit before filings therein may be docketed or served on any party; and
>
> (c) A finding of contempt and imposition of civil penalties against Ms. Sewell should she violate the Court's Order.

*Id.* at 16.

As to the Individual Defendants, there is no basis for such an order, given that Sewell has not sued them previously.  She is cautioned, however, that further frivolous claims against them could result in an injunction.

"[T]he All Writs Act, 28 U.S.C. § 1651(a) (2000), grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants . . . ."  *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004); *see Thomas* v. *Fulton*, 260 F. App'x 594, 596 (4th Cir. 2008) (citing *Cromer*, 390 F.3d at 817–18).  One means of limiting access is a pre-filing injunction, which should only be used sparingly and be based on a litigant's demonstrated vexatious or repetitive filing of meritless motions and other requests for relief.  But where, as in this case, there exist "exigent circumstances, such as a litigant's continuous abuse of the judicial

15

process by filing meritless and repetitive actions," *see Cromer*, 390 F.3d at 817–18 (citation and internal quotation marks omitted), a pre-filing injunction is appropriate.  When determining whether to employ a pre-filing review system, a court should consider the following factors: (1) "the party's history of litigation, in particular whether [s]he has filed vexatious harassing, or duplicative lawsuits"; (2) whether the party files her cases on good faith bases, or only to harass; (3) "the extent of the burden on the courts and other parties resulting from the party's filings"; and (4) if alternative sanctions are adequate.  *Id.* at 818.  The injunction must be "narrowly tailored to fit the specific circumstances at issue."  *Id.*

In two of her previous civil actions, *Sewell v. Fidelity National Financial Care, et al.*, Nos. PWG-15-3077 and PWG-15-3392, Sewell was

> cautioned that should she persist in filing further frivolous motions for reconsideration, which are both vexatious and apparently filed solely to delay the need to appeal the Court's underlying rulings dismissing these cases, she may subject herself to the imposition of an injunction prohibiting future filings that have not previously been reviewed to determine whether they merit being accepted for filing by the Clerk of the Court.

ECF No. 19 in PWG-15-3077; ECF No. 18 in PWG-15-3392, (citations omitted).  In those cases, I observed:

> Sewell's history clearly demonstrates she is vexatious, as she has now filed four rounds of motions for reconsideration, all of which have been denied as without merit.  There is no good faith basis for her filings.  Her motions have been an undue burden to this Court, which has explained the lack of merit in her original claims and in her subsequent motions for reconsideration on numerous occasions.  *See* PWG-15-3077, ECF Nos. 4, 11, & 15; PWG-15-3392, ECF Nos. 4, 5, 10, & 14.  No alternative sanctions are adequate as Sewell has continued to file these meritless motions even having been cautioned against doing so and advised that she has the right to appeal my decisions to the Fourth Circuit if dissatisfied by my rulings.

ECF No. 20 in PWG-15-3077; ECF No. 21 in PWG-15-3392.  On that basis, I "conclude[d] that Sewell's repeated filing of unmeritorious post-dismissal motions and related requests for relief

constitutes vexatious filings before this Court," and therefore there was "good cause for the imposition of a pre-filing injunction with respect to these two cases."  ECF No. 20 in PWG-15-3077; ECF No. 21 in PWG-15-3392.  I ordered that the Clerk of the Court not accept for docketing any future filings in those cases unless I had reviewed and approved for docketing the proposed filings.  ECF No. 20 in PWG-15-3077; ECF No. 21 in PWG-15-3392.

Sewell's litigation history continues to demonstrate that she is vexatious.  This case consists almost entirely of claims that she brought without success in the 2012 Action.  As noted, in addition to the two cases against Fidelity National Financial that were before me, PWG-15-3077 & PWG-15-3392, she has filed at least fifteen other cases since 2012 that have been dismissed, some voluntarily, and at least one resulting in the imposition of sanctions against Sewell.  *See Sewell v. Chasanow*, No. JKB-16-3256 (dismissed); *Sewell v. Wagner*, No. GJH-16-2458 (dismissed); *Sewell v. Commodity Fed. Trading Comm'n*, No. PX-16-2457 (pending); *Sewell v. Wash. Metro. Area Transit Auth.*, No. GJH-16-2456 (pending); *Sewell v. Fidelity Natll Fin., Inc.,* No. DKC-16-906 (dismissed; motions for reconsideration denied; sanctions granted); *Sewell v. Westat*, No. RWT-16-158 (dismissed; partial summary judgment granted); *Sewell v. Am. Educ. Servs./PHEAA,* No. DKC-15-3076 (dismissed); *Sewell v. John Howard Sr.*, No. PWG-15-1539 (remanded; motions for reconsideration denied); *Sewell v. Wash. Metro. Area Transit Auth.*, No. TDC-15-1334 (dismissed; motion for reconsideration denied); *Howard v. Sewell,* No. DKC-14-2205 (remanded); *Sewell v. Wash. Metro. Area Transit Auth.,* No. JFM-13-2961 (dismissed); *Sewell v. Dore,* No. AW-12-2889 (dismissed); *Sewell v. Howard,* No. JFM-12-2736 (dismissed; motions for reconsideration denied); *Sewell v. Prince George's Cnty. Dep't of Social Servs.*, No. DKC -12-2522 (dismissed; multiple motions for reconsideration and recusal denied); *Sewell v. Prince George's Cnty. Dep't of Social Servs.*, No. DKC-12-2402 (remanded;

motion for reconsideration denied).   None of these cases has been reversed or remanded on appeal.   There is no good faith basis for Sewell's filings.   Her filings have placed an undue burden on the Court and the defendants she names, especially given that she often sues one defendant more than once, as she has done here.   And, no alternative sanctions are adequate as Sewell has continued to initiate lawsuits regularly in this Court, repeatedly suing the same defendants, despite her lack of success.   Additionally, the proposed injunction is narrowly tailored to the circumstances of this litigation.

Accordingly, I will issue a pre-filing injunction that Sewell may not make any additional filings in this case without first submitting to me for review and approval for docketing the proposed filings, and that, before filing any lawsuit against Strayer University, Sewell must first submit to the Clerk of Court where Sewell seeks to file the lawsuit: (i) an application for leave to file suit; (ii) a copy of this Memorandum Opinion and the Order accompanying this Memorandum Opinion; and (iii) a notarized affidavit or declaration stating that the matters raised in the lawsuit have not been raised or decided in any other lawsuit, are brought in good faith, and are not for the purpose of harassment.   Should Sewell fail to comply with this injunction, she may be found in contempt of court and civil penalties may be imposed.

Defendants also seek sanctions in the form of attorneys' fees "against Plaintiff for her continued vexatious litigation and harassment of Defendants."   Defs.' Mem. 3.   Sanctions are available under Rule 11 for filing any document with the court "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" or for making claims that are not "warranted by existing laws."   Fed. R. Civ. P. 11(b)(1), (2).   Pursuant to Rule 11(c), the party against whom sanctions are sought must have "notice and a reasonable opportunity to respond," and the motion "must be made separately from any other motion."   Fed.

R. Civ. P. 11(c)(1), (2).  Defendants have not complied with these requirements, as they included their request for sanctions within their Motion to Dismiss.  Moreover, the relief granted pursuant to Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."  Fed. R. Civ. P. 11(c)(4).  The pre-filing injunction discussed above is more likely to be effective, as it is likely that Sewell could not pay the fees.  Thus, given that a proper Rule 11(c) motion would require another round of briefing, it likely only would accomplish further burden on Defendants.  Defendants' request for attorneys' fees is denied without prejudice.

## Conclusion

In sum, Defendants' Motion to Dismiss IS GRANTED.  When a plaintiff cannot amend to present any facts that would survive a motion to dismiss, dismissal should be with prejudice. *See Weigel v. Maryland*, 950 F. Supp. 2d 811, 825 (D. Md. 2013) (citing *Cozzarelli v. Inspire Pharm., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008)).  Therefore, the Title VII retaliation and § 1981 claims against Strayer, as well as the FMLA claims against Strayer based on acts before 2014, WILL BE DISMISSED with prejudice as Sewell cannot allege any facts to overcome *res judicata*'s bar.  Likewise, the Title VII discrimination claim against all Defendants WILL BE DISMISSED with prejudice because, regardless how Sewell might amend it, collateral estoppel would bar the relitigation of the issue of subject matter jurisdiction.

As for the FMLA retaliation claim against Strayer based on the failure to hire Sewell in 2014, and the remaining claims against the Individual Defendants, I have the discretion to "determin[e] whether to dismiss with or without prejudice under Rule 12(b)(6)." *Weigel*, 950 F. Supp. 2d at 825 (quoting *180S, Inc. v. Gordini U.S.A., Inc.*, 602 F. Supp. 2d 635, 638–39 (D. Md. 2009)).  "When a plaintiff fails to state a claim, [s]he 'should generally be given a chance to

amend the complaint . . . before the action is dismissed with prejudice.'" *Id.* (quoting *FinServ Cas. Corp. v. Settlement Funding, LLC*, 724 F. Supp. 2d 662, 674–76 (S.D. Tex. 2010)).  But, dismissal with prejudice is appropriate where amendment would be futile.  *See Cozzarelli*, 549 F.3d at 630; *Weigel*, 950 F. Supp. 2d at 825.

As noted, Sewell has filed numerous complaints in this Court, used those actions to lodge allegations against the courts and members of the judiciary and other public officials, sought recusal of judges, repeatedly sought reconsideration and appealed, and routinely ignored Court orders.  With the exception of two recent pending cases, all of her cases have resulted in dismissal or remand, and she has not succeeded on any of her customary appeals to the Fourth Circuit or requests for certiorari to the Supreme Court.  She is one of the most vexatious litigants in this Court; pre-filing injunctions have been put in place to temper her filings in at least three other cases, *Sewell v. Fidelity Nat'l Fin., Inc.*, No. DKC-16-906; *Sewell v. Fidelity Nat'l Fin. Care*, Nos. PWG-15-3077 & PWG-15-3392, and sanctions have been awarded against her in at least one case, *Sewell v. Fidelity Nat'l Fin., Inc.*, No. DKC-16-906.  Moreover, even a casual reading of Sewell's "opposition" to Defendants' Motion to Dismiss reveals that she has used that filing as a vehicle to set forth a series of conclusory allegations against a litany of public officials and judicial officers that, to the extent that they are intelligible (which, for the most part, they are not), have nothing whatsoever to do with her claims against Defendants in this action.  Against this track record, the likelihood of her successfully litigating an FMLA retaliation claim against Strayer is low.

Moreover, FMLA retaliation claims, like Title VII retaliation claims, "require[] but-for causation."  *Rhodes v. Comcast Cable Commc'ns Mgmt., LLC*, No. GLR-14-1824, 2016 WL 4376653, at *6, *12 (D. Md. Aug. 17, 2016) (quoting *Vicino v. Maryland*, 982 F. Supp. 2d 601,

613 (D. Md. 2013)); *see also Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 252 (4th Cir. 2015) ("[T]he *McDonnell Douglas* framework has long demanded proof at the pretext stage that retaliation was a but-for cause of a challenged adverse employment action."). Consequently, amendment would be futile because no reasonable jury could find that, with Sewell's early litigation history as it stood in February 2014, Strayer would have hired her again but for the fact that she exercised her FMLA rights. *See Foster*, 787 F.3d at 252; *Rhodes*, 2016 WL 4376653, at *6, *12; *Vicino*, 982 F. Supp. 2d at 613. And, given that Sewell insists that "Sewell is not suing Robert Silberman or Karl McDonnel[l]. . . . Sewell is suing Strayer University, INC.," Pl.'s Opp'n 3, amendment would be futile with regard to any allegations against the Individual Defendants. Therefore, I will dismiss these claims with prejudice. *See Cozzarelli*, 549 F.3d at 630; *Weigel*, 950 F. Supp. 2d at 825.

Strayer's request for a pre-filing injunction IS GRANTED; the Individual Defendants' request for a pre-filing injunction IS DENIED. Defendants' request for attorneys' fees IS DENIED without prejudice.

A separate order will follow.

Date: <u>January 5, 2017</u>                          <u>            /S/            </u>
                                                      Paul W. Grimm
                                                      United States District Judge